IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **SEALED** |
| v. | § | |
| | § | |
| QUANG MINH LE (1) | § | NO. 4:17CR 122 |
| a.k.a. Phong Quang Le | § | Judge Mazzant |
| AMELIA JAYNE SANDOVAL (2) | § | |
| PEYTON AMBROSE PASCHALL (3) | § | |
| JESSE WAYNE SULLIVAN (4) | § | |

## INDICTMENT

The United States Grand Jury charges:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Distribute and
Possess with Intent to Distribute
Methamphetamine)

Beginning on or about May 1, 2017, and continuing up to and including the date of the filing of this indictment, in the Eastern District of Texas, the Northern District of Texas, and elsewhere, Defendants **Quang Minh Le, aka. Phong Quang Le, Amelia Jayne Sandoval, Peyton Ambrose Paschall, and Jesse Wayne Sullivan** did knowingly and intentionally conspire and agree with each other, and with persons known and unknown to the grand jury, to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

## Count Two

<u>Violation</u>:  18 U.S.C. § 924(c)
(Possession of a firearm in furtherance of a
drug trafficking crime)

On or about June 29, 2017, in Collin County, Texas, in the Eastern District of Texas, Defendant **Quang Minh Le, aka. Phong Quang Le**, did knowingly possess a firearm, namely: a Kahr, 9mm semi-automatic pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, namely: conspiracy to possess with intent to distribute methamphetamine, in violation of Title 21 United States Code, Section 846.

In violation of Title 18 United States Code, Section 924(c).

## Count Three

<u>Violation</u>:  18 U.S.C. § 924(c)
(Possession of a firearm in furtherance of a
drug trafficking crime)

On or about June 29, 2017, in Dallas County, Texas, in the Northern District of Texas, Defendant **Amelia Jayne Sandoval**, did knowingly possess a firearm, namely: a Ruger LCP .380 caliber pistol, serial number 375-00650, in furtherance of a drug trafficking crime for which she may be prosecuted in a Court of the United States, namely: conspiracy to possess with intent to distribute methamphetamine, in violation of Title 21 United States Code, Section 846.

In violation of Title 18 United States Code, Section 924(c).

## Count Four

Violation: 21 U.S.C. § 841(a)(1) (Distribute and Possess with the Intent to Distribute Methamphetamine)

On or about June 29, 2017, in Collin County, Texas, in the Eastern District of Texas, Defendant, **Amelia Jayne Sandoval**, did knowingly and intentionally distribute and possess with the intent to distribute 5 grams or more of methamphetamine (actual) and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21 United States Code, Section 841(a)(1).

## Count Five

Violation: 21 U.S.C. § 841(a)(1) (Distribute and Possess with the Intent to Distribute or Methamphetamine) 18 U.S.C § 2 (aid and abet)

On or about June 29, 2017, in Collin County, Texas, in the Eastern District of Texas, Defendants, **Peyton Ambrose Paschall, and Jesse Wayne Sullivan**, aided and abetted by each other, did knowingly and intentionally distribute and possess with the intent to distribute 5 grams or more of methamphetamine (actual) and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21 United States Code, Section 841(a)(1) & Title 18 United States Code, Section 2.

## Count Six

Violation: 18 U.S.C. § 922(g)(1)
(Possession of Firearm by a Felon)

On or about ~~September 23, 2016~~ June 29, 2017 [wt], in ~~Grayson~~ Collin [wt] County, Texas, in the Eastern District of Texas, **Quang Minh Le aka Phong Quang Le**, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce firearms, namely: a Kahr 9mm handgun; in violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses charged in Counts One, Four, and Five of this Indictment, the defendants shall forfeit to the United States any cash proceeds that is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offenses alleged in this Indictment and any property they may have used or intended to be used to commit or facilitate the offenses and/or property derived from proceeds obtained directly or indirectly as a result of the commission of the violation of 21 U.S.C. §§ 846 and 841.

As a result of committing the offenses charged in Counts Two, Three, and Sixs in this indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. §§ 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunitions involved in the offense, including but not limited to the following:

1. a Kahr 9mm handgun,
2. a Ruger LCP 9mm handgun

Moreover, if any property subject to forfeiture, as a result of any act or omission by the defendants (i) cannot be located upon the exercise of due diligence, (ii) has been transferred or sold to, or deposited with a third party, (iii) has been placed beyond the jurisdiction of the court, (iv) has been substantially diminished in value, or (v) has been commingled with other property which cannot be subdivided without difficulty, the defendant shall forfeit to the United States any other property of the defendants up to the value of the forfeitable property.

A TRUE BILL

_____
FOREMAN

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
WILLIAM R. TATUM
Assistant United States Attorney

Indictment
Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | |
| QUANG MINH LE (1) | § | NO. 4:17CR |
|    a.k.a. Phong Quang Le | § | Judge |
| AMELIA JAYNE SANDOVAL (2) | § | |
| PEYTON AMBROSE PASCHALL (3) | § | |
| JESSE WAYNE SULLIVAN (4) | § | |

## NOTICE OF PENALTY

### Counts One, Four, Five

Violation :    21 U.S.C. §§846, 841(a)(1)

Penalty:    If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) – not less than 10 years and not more that life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least 5 years;

If 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 5 grams or more of methamphetamine (actual) – not less than 5 years and not more than 40 years imprisonment, a fine not to exceed $5 million, or both; supervised release of at least 4 years.

If less than 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine– not more than 20 years imprisonment, a fine not to exceed $2 million, or both; supervised release of at least 3 years.

Special Assessment:    $100.00

### Counts Two and Three

Violation: 18 U.S.C. § 924(c)(1)

Penalty: Imprisonment for a term of not less than 5 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000; supervised release of not more than 3 years.

In the case of second or subsequent conviction under this subsection, the person shall be sentenced to a term of imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment.

Special Assessment: $100.00

### Count Six

Violation: 18 U.S.C. § 922(g)(1)

Penalty: Imprisonment for a term of not more than 10 years, a fine not to exceed $2500,000; supervised release of not more than 3 years.

If it is shown the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another - Imprisonment of 15 years to life, a fine not to exceed $250,000.00, or both; a term of supervised release of at least 3 years but not more than 5 years.

Special Assessment: $100.00